**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| AHBP LLC, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. SA-22-CV-00096-XR |
| THE LYND COMPANY,  BIO SUPPLIES | § | |
| LLC,  VIA CLEAN TECHNOLOGIES | § | |
| LLC, | § | |
| *Defendants*. | § | |

## <u>ORDER</u>

On this day the Court considered the Motion to Withdraw as Attorneys of Record for Defendant Via Clean Technologies, LLC ("Via Clean") filed by Lisa A. Lori and William J. Clements, Esquires, and their law firm, Klehr Harrison Harvey Branzburg LLP ("Klehr Harrison") (ECF No. 45). After careful consideration, the Court issues the following order.

Pursuant to the Local Rules of the Western District of Texas:

An attorney seeking to withdraw from a case must file a motion specifying the reasons for withdrawal and providing the name and office address of the successor attorney. If the successor attorney is not known, the motion must set for the client's name, address, and telephone number, and must bear either the client's signature or a detailed explanation why the client's signature could not be obtained after due diligence.

Local Rule AT-3 (W.D. Tex.). "An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989). A district court's decision to grant leave to withdraw is within the sound discretion of the court. *Id.*

The Court previously permitted Rick Harrison, Tori Harrison, and Waller Lansden Dortch & Davis, LLP ("Local Counsel") to withdraw as local counsel for Via Clean, after a hearing on June 14, 2022. *See* ECF No. 38; Text Order, June 22, 2022. The Court further ordered

that Klehr Harrison would be admitted to appear pro hac vice on behalf of Via Clean until such time as Via Clean retained new counsel or the Klehr Harrison attorneys sought leave to withdraw. *See* Text Order, June 22, 2022. Finally, the Court directed Via Clean to answer or otherwise respond to Plaintiff's Second Amended Complaint (ECF No. 25) no later than July 14, 2022. As directed, Klehr Harrison filed a motion to dismiss in response to Plaintiff's Second Amended Complaint on behalf of Via Clean on July 14, 2022. *See* ECF No. 41.

On August 25, 2022, Klehr Harrison filed its initial motion to withdraw as attorney of record for Via Clean without identifying a success attorney. ECF No. 45. As originally filed, Klehr Harrison's motion to withdraw did not include Via Clean's phone number or signature or an explanation of why its signature could not be obtained with due diligence as required under Local Rule AT-3. *See* ECF No. 45. Accordingly, the Court took the motion under advisement and directed counsel to file a supplement curing the deficiencies in the motion. *See* Text Order, Aug. 26, 2022. On October 20, 2022, having not received the supplemental materials, the Court denied the motion to withdraw without prejudice to refiling with the supplemental information noted in the Court's earlier order.

On January 23, 2023, Khler Harrison filed a new motion to withdraw containing Via Clean's phone number and an explanation of why its signature could not be obtained with due diligence, namely, Via Clean's refusal to provide a signature. *See* ECF No. 62. Because the new motion complies with the Local Rule and shows good cause, the Court **GRANTS** the motion (ECF No. 62), and Klehr Harrison and its attorneys are hereby **WITHDRAWN** as counsel of record for Via Clean.

All counsel for Via Clean having withdrawn from the case, Via Clean is no longer represented in this matter. It is well established that a limited liability company is a fictional

legal person who can only be represented by licensed counsel. *Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993). The Court has warned Via Clean on multiple occasions that, as a limited liability company, it may not proceed *pro se* in federal court and must retain new counsel. In its May 23, 2022 order setting the June hearing, the Court advised that, "[s]hould both Local Counsel and Lead Counsel wish to withdraw their representation in this matter, Via Clean must retain new counsel." ECF No. 36. During the hearing itself, the Court reminded the parties that corporate entities such as Via Clean cannot appear *pro se*. Finally, in its text order granting Local Counsel's motion to withdraw from the case, the Court ordered that Klehr Harrison be admitted pro hac vice "because ViaClean cannot proceed without counsel." Text Order, June 22, 2022.

Via Clean has been on notice for nearly a year that it would need to obtain new counsel. Indeed, Local Counsel's motion to withdraw from this case, filed in April 2022, was premised on Klehr Harrison's representation in March that it no longer intended to appear as lead counsel in this case. *See* ECF No. 26 at 2. Local Counsel warned Via Clean that it would withdraw from the case unless it could secure a replacement for Klehr Harrison as lead counsel. *Id.* Likewise, Klehr Harrison notes in its motion to withdraw that, "despite repeated requests and urging from Klehr Harrison" following its admission pro hac vice in June, "ViaClean has either made no effort, or has been unsuccessful in its efforts, to obtain replacement counsel." ECF No. 45 at 3.

When a company defendant fails to obey orders to obtain counsel after being warned of the consequences of failing to do so, the district court may properly strike its defenses or enter default. *Memon v. Allied Domecq QSR*, 385 F.3d 871, 874 (5th Cir. 2004); *Donovan v. Road Rangers Country Junction, Inc.*, 736 F.2d 1004, 1005 (5th Cir. 1984) ("Gordon declined to hire counsel to represent the corporation so the district court properly struck the defenses of the

3

corporation."); *Hamilton v. EnerSafe, Inc.*, No. SA:15-CV-965-DAE, 2018 WL 7822066, at *1 (W.D. Tex., Mar. 6, 2018) ("When a corporation declines to hire counsel to represent it, the Court may strike its pleadings or enter default."); *Future World Electronics, LLC v. Over Drive Mktg., LLC*, No. 3:12-CV-2124-B, 2013 WL 5925089, at *2 (N.D. Tex. Nov. 5, 2013) (after instructing LLC to obtain counsel and giving warning, finding it appropriate to strike answer and enter default judgment); *Adonai Comms., Ltd. v. Awstin Investments, LLC*, No. 3:10-CV-2642-L, 2012 WL 899271, at *2 (N.D. Tex. Mar. 16, 2012) ("Other courts have found default judgment to be the appropriate remedy when a corporation fails, after court warning, to appoint counsel."); *King v. Allegiance Mgmt., LLC*, No. A-09-CA-317 LY, 2010 WL 2245062, at *1 (June 4, 2010) ("Since Defendant has failed to hire counsel and counsel has failed to enter an appearance on its behalf, Defendant's Answer is properly stricken.").

## CONCLUSION

For the foregoing reasons, Klehr Harrison's motion to withdraw as counsel for Via Clean (ECF No. 62 ) is **GRANTED**. Lisa A. Lori and William J. Clements, Esquires, and their law firm, Klehr Harrison Harvey Branzburg LLP, are hereby **WITHDRAWN** and **EXCUSED** as attorneys of record for defendant ViaClean. Technologies, LLC. Withdrawing counsel are **ORDERED** to provide a copy of this order to Via Clean.

Via Clean may have until **February 6, 2023**, to have licensed counsel enter an appearance on its behalf. If Via Clean fails to do so, its motion to dismiss (ECF No. 41) **will be stricken** and, upon Plaintiff's motion, the Clerk will enter default against Via Clean.[1] In the event that a default is entered, the Court will postpone consideration of default judgment until the

---

[1] On January 9, 2023, the Court issued an order granting in part and denying in part Via Clean's motion to dismiss (ECF No. 59). In the event that Via Clean's motion to dismiss is stricken, the Court's order on the motion issued on January 9, 2023 (ECF No. 59), will be vacated.

4

claims against the Lynd Company and BioSupplies LLC are resolved in order to avoid the possibility of inconsistent judgments. *See Frow v. De La* Vega, 82 U.S. 552 (1872).

It is so **ORDERED**.

SIGNED January 23, 2023.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE