IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| AHBP LLC,<br> *Plaintiff*<br><br>-vs-<br><br>THE LYND COMPANY, BIO SUPPLIES LLC, VIACLEAN TECHNOLOGIES LLC,<br> *Defendants*<br>-------------------------------------------------------<br>BIO SUPPLIES, LLC,<br> *Cross-Plaintiff, Third-Party Plaintiff*<br><br>-vs-<br><br>VIACLEAN TECHNOLOGIES, LLC,<br> *Cross-Defendant*<br><br>KIBOKO, INC., JOSEPH RAICH,<br> *Third-Party Defendants* | SA-22-CV-00096-XR |

## ORDER ON MOTION TO DESIGNATE RESPONSIBLE THIRD PARTIES

On this date, the Court considered the Unopposed, Renewed Motion for Leave to Designate Responsible Third Parties (ECF No. 81) filed by Defendants The Lynd Company and Bio Supplies, LLC. After careful consideration, the motion is **GRANTED**.

### BACKGROUND[1]

During the height of the COVID-19 pandemic, Plaintiff AHBP, LLC ("AHBP") contracted with Defendants The Lynd Company ("Lynd") and Bio Supplies, LLC ("Bio Supplies," and, together with Lynd, the "Lynd Defendants") for the exclusive right to distribute a surface cleaner known as "Bioprotect 500" (the "Product") in Argentina. ECF No. 25 ¶ 25. The Lynd Defendants

---

[1] Unless otherwise indicated, this background is drawn from the second amended complaint. ECF No. 25.

purchased the Product from Via Clean Technologies, LLC ("ViaClean"), the distributor, which obtained its supply from Kiboko, Inc. ("Kiboko"), the manufacturer. ECF No. 55 ¶¶ 10, 17.

AHBP alleges that, to induce the contractual relationship, the Lynd Defendants misrepresented the quality of the Product and its regulatory compliance. ECF No. 25 ¶¶ 20–24. During contract negotiations throughout August and September 2020, AHBP advised Bio Supplies that it needed certain information about the Product's composition, manufacturing and quality controls, toxicology, and shelf life in order to obtain regulatory approval to sell the Product in Argentina. *Id.* ¶ 20. Bio Supplies responded that it could not provide the requested information due to confidentiality concerns, but promised to provide the relevant information once the parties signed a written contract. *Id.* ¶ 21.

Once AHBP contracted with Bio Supplies, it sought confirmation of the representations. *Id.* ¶ 26. Bio Supplies, working through its supply chain, provided AHBP with a stability report (the "Report"). *Id.* ¶ 28. Specifically, Joseph Raich, an officer of ViaClean and Kiboko, furnished the Report to Bio Supplies, which gave it to AHBP. Upon investigation, AHBP discovered that the Report was altered and did not accurately depict the Product's chemical composition. *Id.* ¶ 31. AHBP contends that, "[a]s a result of [this] fraudulent scheme," "[it] was unable to sell the Product in Argentina." *Id.* ¶ 39. Thus, AHBP alleges that it suffered losses to its customer base, business reputation, and pecuniary investment, totaling $90,426,300 in damages. *Id.* ¶ 40.

On February 2, 2022, AHBP filed the instant lawsuit against the Lynd Defendants and ViaClean, asserting several causes of action, including: (1) fraudulent inducement against the Lynd Defendants; (2) fraud against the Lynd Defendants and ViaClean; (3) negligent misrepresentation against the Lynd Defendants and ViaClean; (4) violations of the Lanham Act against the Lynd Defendants and ViaClean; (5) business disparagement against the Lynd Defendants and ViaClean;

and (6) breach of contract against the Lynd Defendants. *See generally* ECF No. 1. Shortly thereafter, AHBP filed its first amended complaint, ECF No. 16, which all three Defendants moved to dismiss. In response, AHBP filed a Second Amended Complaint ("SAC"), the operative pleading. ECF No. 25.

The Lynd Defendants filed a motion to dismiss the SAC. ECF No. 27. On November 18, 2022, the Court granted the motion as to AHBP's claim for business disparagement claim but denied it in all other respects. ECF No. 50. On December 9, 2022, the Lynd Defendants answered, and Bio Supplies alleged crossclaims against ViaClean. ECF Nos. 53–54. Thereafter, Bio Supplies filed a third-party complaint against Kiboko and Raich. ECF No. 55.

On February 2, 2023, the Lynd Defendants moved to designate Kiboko, Raich, and ViaClean as responsible third parties for all remaining claims, contending that they "contributed to all the alleged damages in [AHBP's] Complaint." ECF No. 66 at 1, 6. Specifically, the Lynd Defendants argued that any representations "were made in reliance on information provided by Raich, ViaClean[,] and Kiboko." *Id.* at 7–8. Similarly, they contended that the proffered designees "caused the allegedly fraudulent Report to be sent," making them responsible for AHBP's damages. *Id.* at 9.

The motion to designate responsible third parties was granted in part and denied in part. The Court granted the motion to designate Kiboko and Raich as responsible third parties with respect to AHBP's claims for common law fraud and negligent misrepresentation, but denied the motion in all other respects. *See* ECF No. 78 at 8. In denying Defendants' motion regarding the fraudulent inducement claim, the Court noted that the pleadings indicated that Kiboko and Raich's actions were alleged to have occurred *after* they persuaded AHBP to enter a contractual relationship. *Id.* at 7. Thus, based on the pleadings, the Court concluded that the Lynd Defendants

3

had failed to allege sufficient facts demonstrating that Kiboko and Raich's actions impacted the Lynd Defendants' representations to AHBP *prior* to the execution of the contract. *Id.* at 7. The Court granted the Lynd Defendants leave to filed amended pleadings to cure the defects identified in the order. *Id.* at 8.

In response to the Court's Order, on March 28, 2023, Bio Supplies filed an amended crossclaim against ViaClean (ECF No. 79) and an amended third-party complaint against Kiboko and Raich (ECF No. 80), setting forth additional facts concerning Raich and Kiboko's representations regarding the Product to Bio Supplies during the negotiation and prior to the execution of the contract. In these amended pleadings, the Lynd Defendants allege that, on or about April 1, 2020, Bio Supplies' parent company, Lynd Clean Living LLC ("Clean Living"), entered into a Sales Representative Agreement (the "Agreement") with ViaClean and Kiboko. *See* ECF No. 79 ¶¶ 2, 5; ECF No. 80 ¶¶ 2, 10. Under the Agreement, ViaClean, as "Supplier," and Kiboko, as "Manufacturer," appointed Clean Living, as "Sales Rep," to act as a non-exclusive independent sales representative for the Product. *See* ECF No. 79 ¶ 5; ECF No. 79-1; ECF No. 80 ¶ 10; ECF No. 80-1. The Lynd Defendants allege that Bio Supplies, Clean Living's wholly owned subsidiary, was an intended beneficiary of the Agreement. ECF No. 79 ¶ 6; ECF No. 80 ¶ 11.

Pursuant to Section 4.3(f) of the Agreement, Kiboko represented and warranted, among other things, that "the Products comply with any and all federal, state, and administrative laws, rules, orders, code, statute or regulations ("Laws") applicable to the Products and Supplier . . ." ECF No. 79-1 at 4; ECF No. 80-1 at 4. Further, Section 12.1 of the Agreement states in pertinent part:

> Each Party (as "Indemnifying Party") shall indemnify, defend, and hold harmless the other Party and its officers, directors, managers, members, equity holders, employees, agents, affiliates, successors, and permitted assigns (collectively, "Indemnified Party") against any and all losses, damages, liabilities, deficiencies,

> claims, actions, judgments, settlements, interest, awards, penalties, fines, costs, or expenses of whatever kind, including reasonable attorneys' fees, the costs of enforcing any right to indemnification under this Agreement, and the cost of pursuing any insurance providers, incurred by Indemnified Party, relating to any claim of a third party or Indemnified Party (collectively, "Losses") arising out of Indemnifying Party's negligence, willful misconduct, or breach of this Agreement.

ECF No. 79-1 at 7; ECF No. 80-1 at 7. As part of Clean Living's efforts under the Agreement, Bio Supplies executed a contract with AHBP whereby AHBP would resell the Product in Argentina. ECF No. 79 ¶ 9; ECF No. 80 ¶ 14.

The Lynd Defendants allege that, in negotiating the contract with AHBP, Bio Supplies relied upon statements made by Raich as officer and director of both Kiboko and ViaClean regarding the Product. ECF No. 79 ¶¶ 13–16; ECF No. 80 ¶¶ 18–21. Bio Supplies also allegedly relied upon Product materials from Kiboko, the manufacturer of the Product. *Id.* In other words, Raich and Kiboko provided Bio Supplies information and documentation about the Product prior to, during and after the execution of the contract with AHBP. Bio Supplies did not have any independent knowledge of the Product's use, efficacy or its conformity with relevant regulations. ECF No. 79 ¶ 11; ECF No. 80 ¶ 16. As such, Bio Supplies relied on Raich and Kiboko's representations that the Product would comply with all applicable regulations, including Argentina's regulations, as well as their representations regarding the use and efficacy of the Product. ECF No. 79 ¶¶ 13–17; ECF No. 80 ¶¶ 18–23. According to the Lynd Defendants, Bio Supplies did not make any representations about the Product its use, conformity or efficacy without approval or direction from Raich as officer and director of both Kiboko and ViaClean, or reliance on information provided by Kiboko as the manufacturer of the Produce. *Id.*

## DISCUSSION

**I.      Legal Standard**

Texas Civil Practice and Remedies Code Section 33.004 provides, in relevant part:

(a) A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party. The motion must be filed on or before the 60th day before the trial date unless the court finds good cause to allow the motion to be filed at a later date.
. . . .
(f) A court shall grant leave to designate the named person as a responsible third party unless another party files an objection to the motion for leave on or before the 15th day after the date the motion is served.
(g) If an objection to the motion for leave is timely filed, the court shall grant leave to designate the person as a responsible third party unless the objecting party establishes:
>    (1) the defendant did not plead sufficient facts concerned the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and
>    (2) after having been granted leave to replead the defendant failed to plead sufficient facts concerned the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

. . . .
(i) The filing or granting of a motion for leave to designate a person as a responsible third party or a finding of fault against the person:
>    (1) does not by itself impose liability on the person; and
>    (2) may not be used in any other proceeding, on the basis of res judicata, collateral estoppel, or any other legal theory, to impose liability on the person.

TEX. CIV. PRAC. & REM. CODE § 33.004.

Further, pursuant to section 33.004(h), by granting a motion for leave to designate a person as a responsible third party, the person is designated as a responsible third party for purposes of chapter 33 without further action by the court or any party. *Id*. § 33.004(h).

Under section 33.011 of the Texas Practice & Remedies Code, a "responsible third party" means any person who is alleged to have caused or contributed to causing in any way the harm for

6

which recovery of damages is sought, whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these. *Id*. § 33.011(6).

## II.    Analysis

The Lynd Defendants must only allege that Kiboko and Raich "contributed to causing in any way the harm for which recovery of damages is sought," in accordance with the pleading requirements of the Texas Rules of Civil Procedure, TEX. CIV. PRAC. & REM. CODE § 33.011, which "is not a high threshold." *E.g.*, *Brown v. M & N Eaves*, No. 21-CV-959, 2023 WL 359497, at *5 (quoting David W. Holman, *Responsible Third Parties*, 46 S. TEX. L. REV. 869, 888 (2005)); *see* TEX. R. CIV. P. 47(a) (requiring "a short statement of the cause of action sufficient to give fair notice"). "To determine if a defendant has pled sufficient facts, courts look at allegations in a defendant's answer and/or counterclaim; a defendant can also point to allegations in a plaintiff's pleading that demonstrate responsibility of a third party." *McDevitt v. Wal-Mart Stores Tex., LLC*, 2012 WL 13145552, at *3 (W.D. Tex. June 12, 2012).

As set forth in further detail above, the Lynd Defendants allege that any representations about the Product upon which AHBP relied in contracting to sell the Product in Argentina were based on information about the Product supplied to Bio Supplies by Raich and Kiboko. *See* ECF No. 79 ¶ 17, ECF No. 80 ¶ 22 ("Bio Supplies did not make any representations about the Products prior to, during or after the execution of the Resale Agreement concerning the Product's composition, use, conformity with applicable regulations or efficacy without approval or direction from Raich, Via Clean or Kiboko."). Given the allegations in Bio Supplies amended crossclaim against ViaClean (ECF No. 79) and its amended third-party complaint against Kiboko and Raich (ECF No. 80) and the fact that the renewed motion is unopposed, the Court concludes that Raich

and Kiboko should be designated as responsible third parties as to AHBP's claim for fraudulent inducement.

## CONCLUSION

The Lynd Defendants' Unopposed, Renewed Motion for Leave to Designate Responsible Third Parties (ECF No. 81) is **GRANTED**. Kiboko, Inc. and Joseph Raich are hereby designated as responsible third parties as to AHBP's claim for fraudulent inducement, in addition to their prior designation as responsible third parties with respect to AHBP's claims for common law fraud and negligent misrepresentation. *See* ECF No. 78.

It is so **ORDERED**.

**SIGNED** this 10th day of April, 2023.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE